■ In the Matter of MICHAEL P., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated July 14, 1986, which, upon a fact-finding order of the same court, dated April 17, 1986, made after a hearing, finding that appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the second degree, criminal possession of stolen property in the first degree, and possession of burglar's tools, placed him with the Division for Youth, Title II, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated April 17, 1986.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The court did not err in admitting into evidence testimony that the police officer received a police radio report stating that the vehicle the officer was observing was stolen. This was offered primarily for the purpose of explaining the officer's actions, rather than to prove that the vehicle was, indeed stolen. That evidence was not hearsay, since it was only admitted for the fact that the statement was made (see, Richardson, Evidence § 203 [Prince 10th ed]; cf., People v Jimenez, 102 AD2d 439, 443). Even if this testimony had been considered for its truth, its inclusion was harmless, since the owner of the vehicle identified the vehicle recovered as his and stated that it had been taken without his permission.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.